No. 3294

Second Circuit

UNITED STATES HOFFMAN MACHINERY CORPORATION v. VALETERIA, INC. ABE MEYER, INTERVENOR, THIRD OPPONENT

(November 8, 1928.   Opinion and Decree.)

Chandler and Taylor, of Shreveport, attorneys for plaintiff, appellee.

Dimick and Hamilton, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The plaintiff, United States Hoffman Machinery Corporation, obtained judgment against the Valeteria, Inc., for eighteen hundred dollars and interest with recognition of a chattel mortgage for the amount of the judgment on certain equipment sold by it to the Valeteria, Inc., under which the equipment was seized, and Abe Meyer, the lessor of the premises in which the equipment was located at the time of the seizure, intervened, claiming a superior privilege on the proceeds of the property, and in answer to the intervention the plaintiff, Hoffman Machinery Corporation, pleaded that the intervenor had waived any lessor's privilege which it may have had on the equipment in favor of plaintiff and that intervenor was estopped to claim any privilege against it, and, further, that the chattel mortgage had been filed and recorded against the equipment prior to its being placed in the leased premises, and was therefore superior to the privilege of the intervenor.

On trial intervenor's demands were rejected and he appeals, urging that the evidence established that the chattel mortgage did not describe the property with sufficient certainty to identify it, and that it was filed for record subsequent to the property being placed in the leased premises, and that the waiver of the privilege was also without effect for the reason that the property was not described in the waiver.

Passing the questions as to the sufficiency of the description of the property contained in the mortgage, and whether or not the lessor's lien attached before the mortgage was filed for record, we are of the opinion that the intervenor waived any privilege which he may have had on the equipment as against the Hoffman Machinery Corporation.

The equipment covered by the waiver was described as the

"Hoffman Sanitary Pressing Machine, Model_____ Number_____ located at 1407 Fairfield Street, occupied by Valeteria, Inc. * * *"

and as the equipment consisted of six pieces of machinery, it is contended that the waiver was invalid for want of sufficient description.

There cannot be any question but that the intervenor intended to waive his privilege on something, and while intervenor contends the waiver applied to only one machine, yet the evidence shows that the machines were designed and used for pressing clothes and that each of the machines was designed and used for pressing a particular part of the same garment, and were considered as a whole, which fact was known to the intervenor at the time he signed the waiver, at which time he also knew the machines would not be delivered unless the waiver was signed.

In construing contracts, where the language is ambiguous, the court may look to the subject matter and the circumstances surrounding the transaction, and considering the fact that the machines were designed and used as a unit, and that the intervenor knew of such fact, and that he knew at the time the waiver was signed that the machines would not be delivered unless the waiver was signed, we are of the opinion the instrument should be read in the light of those facts, and that it was sufficient, and that intervenor cannot claim, as against the plaintiff, any part of the proceeds of the sale, which was less than the amount due plaintiff.

The judgment appealed from is therefore affirmed at appellant's cost.